PERSONNEL SERVICES BULLETIN 09-07

**TO:**     Department Directors/Division Managers
            FMLA Coordinators

**FROM:**   Dianna L. Berry
            Personnel Director

**DATE:**   October 26, 2009

**SUBJECT:** **Family and Medical Leave Act of 1993 – Qualifying Exigency and Military Caregiver Leave**

**I.     PURPOSE**

As of January 28, 2008, the FMLA allows two new forms of leave benefits for families of military servicemembers – qualifying exigency leave and leave to care for an injured or ill military family member. The same rules that apply to traditional FMLA provisions apply to servicemember family and medical leave. (See PSB 09-06 Family and Medical Leave Act). The servicemember family and medical leave amendments allow eligible employees to take up to twelve (12) weeks of FMLA leave in a twelve (12) month period for a qualifying exigency. The Act further allows up to 26 weeks of leave in a twelve (12) month period to an eligible employee who is the primary caregiver of a servicemember in the Armed Forces with a serious injury or illness incurred in the line of active duty. This policy shall not supersede specific language in the collective bargaining agreements, unless required by Federal or State law. This policy is not intended to change any existing terms and conditions of employment in effect in any of the bargaining agreements.

**II.    DEFINITIONS**

   A.   *Son or daughter:* The employee's biological, adopted, or foster child, stepchild, legal ward, or a child for whom the employee stood in *loco parentis*, who is on active duty or call to active duty status and who is of any age. (§ 825.122(g); § 825.127(b)(1)).

   B.   *Parent (of a covered servicemember):* The biological parent of an employee or an individual who stood in *loco parentis* to an employee. Persons who are *in loco parentis* include those with day-to-day responsibilities to care for and financially support a child. A biological relationship is not necessary. (§ 825.122(b); § 825.127(b)(2)).

   C.   *Spouse:* A husband or wife as defined or recognized under State law for purposes of marriage in the State of Oklahoma, including common law marriage under the laws of the State of Oklahoma. (§ 825.122(a)).

   D.   *Next of Kin (of a covered servicemember):* A servicemember's nearest blood relative in the following order: (1) blood relatives with legal custody of the

**PLEASE POST ON ALL BULLETIN BOARDS**

Page 1 of 12

EXHIBIT 9

servicemember (2) siblings (3) grandparents (4) aunts and uncles (5) first cousins. The highest priority is given to a blood relative whom the servicemember has designated as the next of kin. Once this designation is made, that relative is deemed the only next of kin eligible to take military caregiver leave. If the servicemember does not designate a next of kin, multiple family members with the same level of relationship may take leave, either consecutively or simultaneously. (§ 825.122(d); § 825.127(b)(3)).

E. *Health Care Provider:* For purposes of leave taken to care for a covered servicemember, any one of the following health care providers may complete such certification: (1) United States Department of Defense ("DOD") health care provider (2) a United States Department of Veterans Affairs ("VA") health care provider; (3) a DOD Tricare network authorized private health care provider; or (4) a DOD non-network Tricare authorized private health care provider. (§ 825.310(a).

F. *Intermittent Leave:* Leave taken in separate blocks of time due to a single qualifying reason. (§ 825.202(a)).

G. *Reduced Leave*: Leave schedule that reduces an employee's usual number of working hours per workweek or hours per workday. A change in the employee's schedule for a period of time, normally from full time to part time. (§ 825.202(a)).

H. *FMLA 12- Month Period:* The 12-month period measured forward from the date an employee's first FMLA leave begins. Example: If an employee's FMLA 12-month period begins on June 9 it will run until the following June 8. (§ 825.200 (b) (4)).

J. *Active Duty*: Military duty that results in the call or order to, or retention on, active duty of members of the uniformed services under Title 10 §§ 688, 12301(a), 12302, 12304, 12305 or 12406, chapter 15 of Title 10 or any other provision of law during a war or during a national emergency declared by the President or Congress. (10 U.S.C. § 101(a)(13)(B)).

K. *Contingency Operation*: A military operation:

   1. designated by the Secretary of Defense as an operation in which members of the armed forces are or may become involved in military actions, operations, or hostilities against an enemy of the United States or against an opposing military force; or

   2. resulting in the call or order to, or retention on, active duty of members of the uniformed services under section 688, 12301(a), 12302, 12304, 12305, or 12406 of Title 10 of the United States Code, chapter 15 of Title 10 of the United States Code, or any other provision of law during a war or

**PLEASE POST ON ALL BULLETIN BOARDS**

during a national emergency declared by the President or Congress. See also (§ 825.126(b)(3); § 825.800).

L. *Covered Servicemember*: A member of the Armed Forces, including a member of the National Guard or Reserves, who is undergoing medical treatment, recuperation, or therapy, is otherwise in outpatient status, or is otherwise on the temporary disability retired list, for a serious injury or illness. (§ 825.800; § 825.127(a)).

M. *Outpatient Status*: The status of a member of the Armed Forces assigned to (1) a military medical treatment facility as an outpatient or (2) a unit established for the purpose of providing command and control of members of the Armed Forces receiving medical care as outpatients. (§ 825.127(a)(2).

O. *Serious Injury or Illness*: An injury or illness incurred by the servicemember in line of duty on active duty that may render the member medically unfit to perform the duties of the member's office, grade, rank, or rating. (§ 825.127(a)(1).

P. *Qualifying Exigency*: A qualifying exigency includes: (1) short notice deployment of seven or fewer calendar days; (2) military events and related activities; (3) childcare and school activities for a child under 18 (or older if incapable of self support); (4) financial and legal arrangements; (5) counseling for employee, military member or child under 18 (or older if incapable of self support); (6) rest and recuperation of up to 5 days per break *while on deployment*; (7) post-deployment activities and issues related to death of military member on active duty for 90 days; or (8) additional activities per agreement of employer and employee. (§ 825.126(a).

III. **QUALIFYING EXIGENCY:** An eligible employee can receive up to 12 weeks of leave in a twelve-month period for a qualifying exigency arising from Federal active duty/call-up of the employee's spouse, child (of any age) or parent. Exigency leave applies only to a federal call to duty or a state call under order of the President. Qualifying exigency leave only applies to families of National Guard and Reserve and certain retired members of the Armed Forces and not to families of regular armed servicemembers on active duty. (§ 825.126).

    A. **ELIGIBILITY:** To be eligible for leave under the FMLA for a qualifying exigency, an employee must:

1. have been employed by The City for at least twelve (12) months; and
2. worked at least 1,250 hours during the previous twelve (12) month period preceding the request for leave; and
3. be the spouse, son/daughter or parent to a servicemember in the National Guard, Reserve and certain retired members of the Armed Forces; and provide certification of a qualifying exigency as defined above.

**PLEASE POST ON ALL BULLETIN BOARDS**

- B. **CERTIFICATION:** The FMLA permits an employer to require that employees submit a timely, complete, and sufficient certification to support a request for FMLA leave due to a qualifying exigency. See the attached Department of Labor Form WH-384 – Certification of Qualifying Exigency for Military Family Leave. The employee must either complete this form or provide:

    1. a statement signed by the employee with appropriate facts regarding the qualifying exigency; and
    2. approximate date on which the qualifying exigency will commence; and
    3. the beginning and ending dates of leave; and
    4. an estimate of frequency and duration if on intermittent leave or reduced leave schedule; and
    5. if the qualifying exigency involves meeting with a third party, appropriate contact information for the individual with whom the employee is meeting and a brief description of the purpose of the meeting. (§ 825.309(b)).

IV. **MILITARY CAREGIVER LEAVE:** An employee who is the spouse, son, daughter, parent, or next of kin of a covered servicemember shall be entitled to a total of 26 workweeks of leave in a 12-month period to care for a servicemember with a serious injury or illness incurred in the line of active duty. This leave benefit is covered on a per-covered-servicemember, per-injury basis. An eligible employee may be entitled to take more than one period of 26 workweeks of leave if the leave is to care for different covered servicemembers or to care for the same servicemember with a subsequent serious injury or illness. (§ 825.127(c)).

- A. **ELIGIBILITY:** To be eligible for leave under the FMLA, an employee must:

    1. have been employed by The City for at least twelve (12) months; and
    2. worked at least 1,250 hours during the previous twelve (12) month period preceding the request for leave. (29 U.S.C. § 2611 (2) (A) (i) (ii); and
    3. be the spouse, son/daughter or next of kin to a member of the Armed Forces, National Guard, Reserves and servicemembers on the temporary disability retired list; and
    4. provide certification that the covered servicemember incurred a serious illness or injury in the line of duty on active duty for which he/she is undergoing: (1) medical treatment; (2) therapy; (3) recuperation; (4) outpatient treatment; or (5) on the temporary disability list.

- B. **CERTIFICATION:** The FMLA provides that an employer may require an employee seeking leave due to a serious injury or illness of a covered servicemember to submit a certification, from a health care provider as defined above, providing sufficient facts to support the request for leave. To determine whether an employee is eligible to receive FMLA leave, the employee must complete the attached Department of Labor Form WH-385 – Certification for Serious Injury or Illness of Covered Servicemember – for Military Family Leave or provide:

**PLEASE POST ON ALL BULLETIN BOARDS**

1. the name, address, and appropriate contact information of the health care provider, the type of practice, the medical specialty and whether the health care provider is a DOD health care provider, a VA health care provider, a DOD Tricare network authorized private health care provider, a DOD non-network Tricare authorized private health care provider; and
2. whether the serious injury or illness was incurred in the line of duty; and
3. the approximate date on which the serious injury or illness commenced and probable duration; and
4. a statement of appropriate medical facts regarding the covered servicemember's health condition; and
5. information sufficient to establish that the covered servicemember is *in need of care* and the estimated beginning and ending dates for treatment and recovery; and
6. whether there is a medical necessity for the covered servicemember to have intermittent leave or a reduce leave schedule and an estimate of the treatment schedule. (§ 825.310(a) & (b)).

In lieu of the Department of Labor Form WH-385 or an employee's own certification form, it is sufficient to accept either "invitational travel orders" (ITOs) or "invitational travel authorizations" (ITAs) issued to any family member to join an injured or ill servicemember at his or her bedside. (§ 825.310(e)).

## V.   NOTICE AND DESIGNATION OF FMLA

A. *Eligibility notice.* When an employee requests FMLA leave, or when the department/division acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the FMLA Coordinator must notify the employee of the employee's eligibility within five business days, absent extenuating circumstances. If it is determined that the employee is not eligible, the notice must state at least one reason why the employee is not eligible. *See* DOL Notice of Eligibility of Rights and Responsibilities form. (§ 825.300).

B. *Employee notice requirements.* An employee must provide at least verbal notice to the department/division at least 30 days before FMLA leave is to begin if the need for the leave is foreseeable. If 30 days notice is not practicable, notice must be given as soon as practicable. The notice should make the department/division aware that the employee needs FMLA leave and the anticipated timing and duration of the leave. (§ 825.302).

C. *Designation notice.* It is The City's responsibility through the FMLA Coordinator to designate leave as FMLA qualifying, and to give notice of the designation of FMLA leave to the employee. When the FMLA Coordinator has enough information to determine whether the leave is being taken for a FMLA qualifying reason (e.g. after receiving the certification), the Coordinator must notify the employee within five (5) business days. *See* DOL Designation Notice form. (§ 825.300(d) § 825.127(c)(4)).

**PLEASE POST ON ALL BULLETIN BOARDS**

        1. If the information provided by the employer to the employee in the designation notice changes (e.g. the employee exhausts the FMLA entitlement), the employer shall provide, within five (5) business days of receipt of the employee's first notice of need for leave subsequent to any change, written notice of the change. (§ 825.300(d)(5)).

    D. *Sufficient information to designate leave.* The decision to designate leave as FMLA-qualifying must be based only on information received from the employee.

        1. In any circumstance where there is insufficient information about the reason for an employee's use of leave, the department/division can inquire further of the employee or the employee's spokesperson to ascertain whether the leave is potentially FMLA qualifying. (§ 825.301(b).

        2. If the employee or their spokesperson fails to explain the reasons for the use of leave, the FMLA leave may be denied. (§ 825.301(b).

    E. *Requesting use of approved FMLA leave.* When an employee seeks leave due to an approved FMLA event, the employee must specifically reference either the qualifying reason for leave or the need for FMLA leave. (§ 825.303).

        1. Calling in without providing information about the reason for the FMLA leave will not be considered sufficient notice to trigger obligations under the FMLA. (§ 825.303).

        2. An employee has an obligation to respond to questions designed to determine whether an absence is potentially FMLA qualifying. Failure to respond to reasonable inquiries regarding the leave request may result in denial of FMLA protection if unable to determine whether the leave is FMLA qualifying. (§ 825.303).

    F. *Retroactive designation.* FMLA leave may be retroactively designated with appropriate notice to the employee provided that the failure to timely designate leave does not cause harm or injury to the employee. (§ 825.301).

    G. *Denial of FMLA Leave.* Denial of FMLA leave requires consultation with the Personnel Department.

## VI. CERTIFICATION

    A. *Certification requirement.* The department/division may require an eligible employee to provide certification supporting a qualifying exigency or certification from a health care provider supporting the need for FMLA leave no later than 15 days from the date leave is requested. (§ 825.305(b).

**PLEASE POST ON ALL BULLETIN BOARDS**

B. *Costs.* Any and all costs associated with obtaining medical certification for purposes of FMLA are the sole responsibility of the employee.

C. *Complete and sufficient certification.* In all instances in which certification is requested, it is the employee's responsibility to provide a complete and sufficient certification and failure to do so may result in denial of FMLA leave. (§ 825.305; § 825.306; § 825.310(f)).

   1. The FMLA Coordinator shall advise an employee whenever the certification is incomplete or insufficient, and shall state in writing what additional information is necessary to make the certification complete and sufficient. The employee has seven (7) calendar days to resubmit the certification. If the deficiencies are not cured in the resubmitted certification FMLA leave may be denied. (§ 825.305; § 825.306).

   2. A medical certification is considered incomplete if one or more of the applicable entries have not been completed. A medical certification is considered insufficient if the information is vague, ambiguous, or non-responsive. (§ 825.305; § 825.306).

   3. A certification that is not returned is not considered incomplete or insufficient, but constitutes a failure to provide certification. (§ 825.305).

D. *Certification for each event.* A separate request for leave must be submitted for each FMLA purpose. Approved leave shall only apply to that single purpose.

G. *HIPAA privacy rules.* The City has a statutory right to require sufficient medical information to support an employee's request for FMLA leave. Generally, HIPAA privacy rules only apply in a physician/patient relationship and not to the employee/employer relationship. The HIPAA privacy rule does not apply in situations where an employee is providing medical certification to the employer for purposes of qualifying for FMLA leave. If an employee fails to provide the requested medical information, the employee will not qualify for FMLA.

H. *Contact with health care providers.* The FMLA specifically allows Human Resource professionals to contact an employee's health care provider for the sole purpose of authenticating or clarifying a medical certification but only after the employee has been given the opportunity to cure any deficiencies. The FMLA specifically prohibits direct supervisors from contacting the employee's health care provider. (§ 825.307).

I. *Recertification and second opinions.* The City may not utilize the second and third opinion process or the recertification process during the period of time in which leave is supported by an ITO or ITA. (§ 825.310(e)(2).

**PLEASE POST ON ALL BULLETIN BOARDS**

J.  *Confirmation of relationship.* The City may require an employee to provide confirmation of a covered family member relationship to the seriously ill or injured servicemember when an employee supports his or her request for FMLA leave with an ITO or an ITA. (§ 825.310(e)(3).

K.  *Qualifying exigency verification.* If an employee submits a complete and sufficient certification to support his or her request for leave because of a qualifying exigency, The City may not request additional information from the employee. (§ 825.309(d).

   1.  *Qualifying exigency meeting with third party.* If the qualifying exigency involves meeting with a third party, a representative from the Personnel Department may contact the individual or entity with whom the employee is meeting for purposes of verifying a meeting or appointment schedule and the nature of the meeting. The employee's permission is not required but no additional information can be requested by The City. (§ 825.309(d).

   2.  *Verification of active duty.* A representative from the Personnel Department may contact an appropriate unit of the Department of Defense to request verification that a covered military member is on active duty or call to active duty status. No additional information may be requested. (§ 825.309(d).

## VII. INTERMITTENT AND REDUCED LEAVE SCHEDULE

A.  *Qualifying exigency or to care for a covered servicemember.* Intermittent or reduced leave schedule may be taken for qualifying exigencies or where the employee is caring for a covered servicemember. (§ 825.202(b)(2)).

B.  *Medical need for intermittent leave.* Intermittent or a reduced leave schedule taken to care for a covered servicemember requires a medical need for leave and it must be that such medical need can be best accommodated through an intermittent or reduced leave schedule. (§825.202(b)).

C.  *Scheduling treatment.* When planning medical treatment or leave for a qualifying exigency, the employee must consult his/her supervisor and make a reasonable effort to schedule the treatment and/or appointment so as not to unduly disrupt operations. (§ 825.302).

D.  *Temporary transfer.* An employee on intermittent leave or on a reduced leave schedule that is foreseeable based on planned medical treatment for a covered servicemember or appointments arising out of a qualifying exigency may be temporarily transferred from their regular position to an alternative position for which the employee is qualified and which better accommodates recurring periods of leave. (§ 825.204).

**PLEASE POST ON ALL BULLETIN BOARDS**

1. Transfer to an alternative position may include altering an existing job to better accommodate the employee's need for intermittent or reduced schedule leave. (§ 825.204(b)).

2. When the employee no longer needs to continue the intermittent leave or reduced leave schedule the employee must be placed in the same or equivalent job as he/she left when the leave commenced. (§ 825.204(e)).

3. Transfers may require compliance with applicable collective bargaining agreements. (§ 825.204(b)).

E. *Time keeping.* Intermittent and reduced leave schedule will reduce the 12-week (or 26-week) FMLA entitlement minute for minute. (§ 825.205).

## VIII. EFFECT ON PAY, ACCRUED LEAVE, BENEFITS AND POLICIES

A. *Substitution of paid leave.* Generally, FMLA leave is unpaid leave. However, The City allows an employee requesting FMLA leave to substitute accrued sick leave, vacation leave, compensatory time (CTO) and donated sick leave prior to being placed in an unpaid leave status. The department/division is not required to provide sick leave benefits in any situation in which the covered servicemember's health care provider has not certified the leave as medically necessary, or has released the covered servicemember from medical care. (§ 825.207).

B. *Exempt employees.* If an employee is otherwise exempt from minimum wage and overtime requirements under the Fair Labor Standards Act (FLSA) as a salaried employee, providing unpaid FMLA-qualifying leave to such an employee will not cause the employee to lose the FLSA exemption. (§ 825.206).

C. *Vacation and sick leave accruals.* Vacation and sick leave shall not continue to accrue during any FMLA leave, which exceeds two (2) consecutive payroll periods. (§ 825.209(h)).

D. *Retirement and longevity.* Unpaid FMLA leave will result in an adjustment to the employee's retirement and longevity eligibility (see applicable state statute with respect to eligibility for members of the Police and Fire pension systems). Salary review and eligibility dates will be adjusted one day for each day of absence in excess of 30 continuous calendar days. (§ 825.209(h)).

E. *Health and welfare benefits.* An employee on FMLA leave will have health and welfare benefits maintained while on leave as if the employee had continued to work instead of taking the leave.

1. *Premiums.* The employee will continue to pay his/her share of the premiums during the leave period. Failure to pay the required premium may result in cancellation of the employee's coverage.(§ 825.209; § 825.210; § 825.212).

**PLEASE POST ON ALL BULLETIN BOARDS**

    2.    *COBRA.* Once all leave, including FMLA, has been exhausted and the employee has been in an unpaid status exceeding two (2) consecutive payroll periods, the employee will be offered allowable continuation coverage under the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA). Should the employee elect COBRA continuation coverage, he/she will be responsible for all premiums associated to continue health insurance coverage. Failure to pay the required premiums may result in cancellation of insurance benefits. (§ 825.209(f)).

F.    *Overtime.* If an employee would normally be required to work overtime, but is unable to do so because of a FMLA-qualifying reason that limits the employee's ability to work overtime, the hours which the employee would have been required to work may be counted against the employee's FMLA entitlement. Voluntary overtime hours that an employee does not work due to a serious health condition may not be counted against the employee's FMLA leave entitlement. (§ 825.205(c)).

G.    *Holiday.* Holidays are counted as FMLA leave if the employee is on FMLA leave the entire week in which the holiday falls. If the employee takes FMLA for less than a full workweek in which the holiday falls, the holiday does not count as FMLA leave unless the employee was otherwise scheduled and expected to work during the holiday. (§ 825.200).

H.    *Periodic reporting.* The department/division may require an employee on FMLA leave to report *periodically* on the employee's status and intent to return to work. The relevant facts and circumstances related to the individual employee's leave situation must be taken into account before determining how often the employee should be required to report the status and intent of their return to work. (§ 825.311).

I.    *Division reporting requirements.* The department/division may require an employee to comply with the usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances. (§ 825.302(d)).

J.    *Bonuses.* If a bonus, award, or other payment is based on the achievement of a specified goal (e.g., hours worked, production output, perfect attendance, safety, etc.) and the employee has not met the goal due to FMLA leave, then the bonus or payment can be denied (and does not need to be pro-rated) as long as other employees on an equivalent leave status (e.g., vacation, sick days, paid time off, etc.) for a reason that does not qualify as FMLA leave are treated the same. (§ 825.215(c)(2)).

K.    *Secondary employment.* An employee is prohibited from engaging in any secondary employment that occurs when the employee is off work from City employment on FMLA leave.

**PLEASE POST ON ALL BULLETIN BOARDS**

L.  *Recordkeeping.* Each department/division will be responsible for establishing procedures for entering and tracking FMLA leave in the payroll system for benefit purposes, as well as, maintaining records and documents related to health care certifications in a separate confidential medical file. (§ 825.500).

IX. **RETURN FROM FAMILY/MEDICAL LEAVE**

A.  *Restoration to position.* An employee returning from FMLA leave within the 12-week (or 26-week) FMLA period shall be restored to the position held prior to the leave commencing; or if the previously held position is unavailable, shall be restored to an equivalent position with equivalent pay and benefits, within his/her current department or division. (§ 825.214).

   1. *Necessary leave.* An employee may not be required to take more FMLA leave than necessary to resolve the circumstance that precipitated the need for leave. (§ 825.311(c)).

   2. *Qualifications expired.* If an employee is no longer qualified for the position because of the employee's inability to attend a necessary course, renew a license, etc. as a result of the FMLA leave, the employee shall be given a reasonable opportunity to fulfill those conditions upon return. (§ 825.215(b)).

X. **FAILURE TO RETURN FROM FAMILY/MEDICAL LEAVE**

A.  *Failure to Return.* An employee who fails to return from FMLA leave after the 12 weeks (or 26 weeks) of FMLA leave has expired and has not been approved for leave of absence or after being medically certified to do so, may be subject to disciplinary action, up to and including termination.

B.  *Personal leave of absence.* An employee who is unable to return to work after the 12-week (or 26-week) FMLA period has expired may apply for a leave of absence through his/her department director. (See Personal Leave of Absence Section of the Personnel Policies).

   1. If the leave of absence is approved, the employee will be permitted to use accrued vacation/sick leave/comp time. If the employee does not have any accrued vacation, sick leave, or comp time, he/she will be placed in an unpaid status.

   2. If after the leave of absence expires the the employee may be subject to termination.

C.  *Restoration after expiration of FMLA.* The employee does not have the right to restoration to his/her position after the 12-week (or 26-week) FMLA entitlement has expired. An employee whose leave exceeds 12 weeks (or 26 weeks) will be

**PLEASE POST ON ALL BULLETIN BOARDS**

returned to the same or similar position, only if available. If the same or similar position is not available, the employee may be terminated.

## XI. ADMINISTRATION

A. Each City department shall have an assigned FMLA Coordinator who is responsible for administration of the Servicemember FMLA policy as it pertains to that department's employees. If an employee has questions or concerns about the interpretation or administration of the Servicemember FMLA policy they are to consult their FMLA Coordinator.

B. The Personnel Department shall be responsible for general oversight and interpretation of the Servicemember FMLA; provide advice and guidance to all FMLA Coordinators regarding applications of the Act; and, the coordination of all FMLA dispute resolution activities between The City and the United States Department of Labor, Wage and Hour Division.

**PLEASE POST ON ALL BULLETIN BOARDS**